JUSTICE BAKER,
concurring.
¶24 I agree with the Court’s determination to review for plain error the prosecutor’s statement regarding the presumption of innocence because that statement implicated Lawrence’s fundamental rights. The statement was improper and objectionable. But I share the Dissent’s view that, when reviewed in context, the prosecutor’s closing argument does not justify reversing the conviction.
¶25 The Court’s reliance on Mahorney is misplaced. Mahorney is distinguishable because in that case “defense counsel vigorously objected both during voir dire and closing argument to the prosecutor’s misconduct and was immediately and categorically overruled in the presence of the jury.” Mahorney, 917 F.2d at 473. In reversing for a new trial, the Tenth Circuit concluded that the trial court placed an “official imprimatur ... upon the prosecution’s misstatements of law [which] obviously amplified their potential prejudicial effect on the jury.” Mahorney, 917 F.2d at 473. “Moreover,” the Tenth Circuit went on, “the trial court did not thereafter attempt to cure or minimize the problem through admonishment or special instruction of the jury.” Mahorney, 917 F.2d at 473. Thus, the Tenth Circuit concluded, “the factors that have permitted some courts to overlook similar prosecutorial misrepresentations are not present in this case.” Mahorney, 917 F.2d at 474.
¶26 The Court also fails to consider the State’s “alleged improper statements during closing argument in the context of the entire argument.” State v. Makarchuk, 2009 MT 82, ¶ 24, 349 Mont. 507, 204 P.3d 1213. As the Dissent observes, the prosecutor focused on the evidence presented at trial. In her rebuttal argument the prosecutor *94 stated:
The State of Montana has the burden of proving the guilt of the defendant beyond a reasonable doubt. And the State accepts that burden; I think it’s fair. It says: Proof beyond a reasonable doubt is proof of such convincing character that a reasonable person would rely and act upon that in the most important of his or her own affairs.
She then proceeded to explain reasonable doubt and to discuss the evidence and inferences the jury properly should draw from it in order to reach a guilty verdict. I would not reverse the conviction on the basis of the prosecutor’s single “presumption of innocence” comment.
¶27 Despite my disagreement with the Court’s analysis, I join the decision to reverse Lawrence’s conviction because I am convinced that this is the rare case in which the cumulative effect of the errors he has shown on appeal prejudiced his right to a fair trial.
¶28 Lawrence asserts the following additional errors: the prosecutor’s misstatement of the law of the charged offense; defense counsel’s failure to object to the prosecutor’s closing argument; defense counsel’s failure to object to an erroneous mens rea instruction; and defense counsel’s failure to object to hearsay testimony. I would conclude that, when considered as a whole, these errors prejudiced Lawrence’s right to a fair trial.[1]
¶29 The cumulative error doctrine “refers to a number of errors that, taken together, prejudice a defendant’s right to a fair trial.” State v. Novak, 2005 MT 294, ¶ 35, 329 Mont. 309, 124 P.3d 182; accord State v. Giddings, 2009 MT 61, ¶ 100, 349 Mont. 347, 208 P.3d 363; State v. Bar-Jonah, 2004 MT 344, ¶ 108, 324 Mont. 278, 102 P.3d 1229. Under the doctrine, “Ir lever.sal is required ... once such accumulated errors are identified as having prejudiced a defendant’s right to a fair trial.” Novak, ¶ 35. It is the defendant’s duty to prove the existence of prejudice. Novak, ¶ 35.
¶30 In evaluating a cumulative error argument based on several enumerated errors, courts
must consider each such claim against the background of the case as a whole, paying particular weight to factors such as the nature and number of the errors committed; their interrelationship, if any, and combined effect; how the district court dealt with the errors as they arose ...; and the strength of the government’s case. *95 The run of the trial may also be important; a handful of miscues, in combination, may often pack a greater punch in a short trial than in a much longer trial.
United States v. Sepulveda, 15 F.3d 1161, 1196 (1st Cir. 1993) (internal citations omitted).
¶31 Here, over the course of a two-day trial, there were several interrelated errors that had the combined effect of prejudicing Lawrence’s right to a fair trial. During closing argument, the prosecutor implied that because Lawrence had not returned the coins “immediately,” he had committed theft under § 45-6-301(l)(a), MCA. Though made in response to the defense closing argument, this misstated the law, which requires a purpose to deprive the owner of his property. The error, which otherwise could have been a minor one, was compounded by the District Court’s instructions as to the mens rea for theft. The court gave a result-based “knowingly” instruction and a conduct-based “purposely” instruction. This was not a correct statement of the law. Theft is a result-based crime because it requires a “purpose to deprive” the owner of property. See State v. Shively, 2009 MT 252, ¶¶ 17-18, 351 Mont. 513, 216 P.3d 732 (concluding that the State is not required to prove that a defendant knows the property is stolen to be convicted under § 45-6-301, MCA, because the statute requires a knowing exertion of control over the property with the purpose to deprive the owner). Even though the court informed the jury of that element, it didn’t correctly define for the jury what “purpose” meant in proving the elements of theft.
¶32 During the trial Officer Zapata testified that another officer advised him that Lawrence “was possibly in Stewart Homes trying to sell stolen coins from the theft.” The officer’s hearsay testimony was the only evidence about any intent Lawrence may have had to sell the stolen property. Defense counsel did not object. Certainly, there is nothing constitutionally impermissible about the admission of hearsay evidence. Nor is there a mandate for counsel to raise every objection that might have merit. But the State has not argued that any hearsay exception applied, and an objection surely would have been sustained. It was an important piece of evidence, particularly in light of the defense theory—that Lawrence had not acted with the purpose of depriving the owner of the coins. Lawrence was arrested less than two days after the theft occurred. He claimed at trial that he helped Dubois remove the stolen coins from the home of an acquaintance because there were children present. He testified that he was trying to figure out a way to get the coins back to Wayne Miller’s shop without incident because he knew and respected Miller’s wife, who runs a homeless *96 shelter in Helena. This perhaps sounds like an implausible story. And a jury would be free to reject his testimony. But that assumes a trial safeguarded by the protections of the Constitution, including the effective assistance of counsel, instructions that correctly state the applicable law, and the full protection of the presumption of innocence.
¶33 Had any of the claimed mistakes been isolated in an otherwise error-free trial, none would justify reversal. But cumulatively, they resulted in a trial in which inadmissible evidence was the only proof of an element of the offense on which the jury was improperly instructed and which the prosecutor misstated in argument, along with her unartful short-circuiting of the presumption of innocence. There was no plausible strategic reason for counsel’s failure to seek exclusion of harmful evidence or to propose a correct instruction on mental state when it was a key theory of the defense. See State v. Kougl, 2004 MT 243, ¶ 20, 323 Mont. 6, 97 P.3d 1095 (concluding that defendant was given ineffective assistance of counsel, in part, because counsel “failed to use the law to strike at the heart of the State’s case”). Lawrence has, in my view, sustained his burden to show that the combination of miscues in his brief trial prejudiced his right to a fair shake. I agree with the decision to give him a new trial.

 I do not include in this list Lawrence’s argument regarding a witness’s passing reference to “booking photos.”